PROB 12C
(Rev.2011)

# United States District Court
for
Middle District of Tennessee

## Petition for Summons for Offender Under Supervision

Name of Offender: <u>Derrick Choate</u>  Case Number: <u>3:13-00222-01</u>

Name of Sentencing Judicial Officer: <u>Honorable Elizabeth A. Kovachevich, U.S. District Judge, MDFL</u>

Name of Current Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Judge</u>

Date of Original Sentence: <u>April 27, 2012</u>

Original Offense: <u>18 U.S.C. § § 846 and 841(b)(1)(C) Conspiracy to Possess with Intent to Distribute and to Distribute Oxycodone</u>

Original Sentence: <u>41 months' custody and 36 months' supervised release</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>October 3, 2013</u>

Assistant U.S. Attorney: <u>Matthias Onderak</u>  Defense Attorney: <u>To be determined</u>

---

### PETITIONING THE COURT

   **X**   To issue a Summons.
   ___   To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☒ The Issuance of a Summons.
☐ Other

Considered this <u>19</u> day of <u>Dec.</u>, 2013, and made a part of the records in the above case.

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Brad Bartels
U.S. Probation Officer

_____
Todd J. Campbell
U.S. District Judge

Place          <u>Cookeville, TN</u>

Date          <u>December 19, 2013</u>

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1. **The defendant shall not commit another federal, state, or local crime.**
   On December 7, 2013, Mr. Choate was arrested by the Putnam County Sheriff's Department. According to the affidavit, which is attached for Your Honor's review, officers responded to Mr. Choate's residence in reference to an assault. During the investigation, deputies determined the defendant had struck Michael Henry with a baseball bat on the left arm causing a bleeding laceration and swelling of his arm. Mr. Choate was charged with Aggravated Assault, a Class C felony. He is currently out on bond and his next court date is scheduled for January 27, 2014.

   On December 9, 2013, Mr. Choate called the probation officer to notify him of his arrest. Mr. Choate said his nephew, who lived next door, called him and stated he saw individuals with flashlights looking into the windows at Mr. Choate's residence. Mr. Choate called the Putnam County Sheriff's Department, and deputies responded to his residence. Mr. Choate said this happened a second time and deputies responded again. Mr. Choate's nephew called a third time and Mr. Choate approached the rear of his residence, making contact with his cousin, Michael Henry, who was talking to unknown individuals outside of the residence using the bathroom window. Mr. Choate said he confronted Michael about possibly setting up a home invasion to collect money from an insurance policy. Mr. Choate told the probation officer that Michael approached him with a knife. Mr. Choate admitted to grabbing a baseball bat and striking Michael in the arm. Mr. Choate alleges his actions were in self defense.

**Compliance with Supervision Conditions and Prior Interventions:**
Derrick Choate is currently unemployed and living with his brother in Cookeville, Tennessee. Mr. Choate began his three year term of supervised release on October 3, 2013, and is due to terminate supervision on October 2, 2016. Mr. Choate is currently on a random drug testing program and all tests have been negative. He was referred for a substance abuse and mental health assessment at Plateau Mental Health in Cookeville, Tennessee, and treatment was not recommended at that time.

Following his release from incarceration, Mr. Choate initially lived with his grandmother and three cousins. The victim in the pending case is one of those cousins. Due to the nature of the charge, Mr. Choate left his grandmother's residence, and now resides with his brother.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a summons be issued for Mr. Derrick Choate, so that he may appear before the Court to answer to the violation behavior outlined above. This matter has been reported to the U.S. Attorney's office, who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. DERRICK CHOATE, CASE NO. 3:13-00222-01

**GRADE OF VIOLATION:** A  
**CRIMINAL HISTORY:** II

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) *18 U.S.C. § 3583(e)(3)* | 15-21 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | 36 months less any term of imprisonment *18 U.S.C. § 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(1).

Respectfully Submitted,

_____  
Brad Bartels  
U.S. Probation Officer

Approved: _____  
Britton Shelton  
Supervisory U.S. Probation Officer

# AFFIDAVIT OF COMPLAINT
## IN THE GENERAL SESSIONS COURT OF PUTNAM COUNTY

Case No:

| | | |
|---|---|---|
| STATE OF TENNESSEE VS. | Defendant(s) (Name and Address)<br>Derrick Justin Choate<br>208 Old Qualls Rd<br>Algood, TN 38506 | DOB: [redacted]<br>SS#: [redacted]<br>DL#:<br>DL ST: |

The undersigned affiant, after being duly sworn according to law, states that the above named defendant, whose name is otherwise unknown to the affiant, committed the offense of TCA 39-13-102, which is Aggravated Assault (buccal Test Required), in PUTNAM County on or about 12/07/2013. Further, affiant makes oath that the essential facts constituting said offense, the sources of affiant's information, and the reasons why his/her information is believable concerning said facts are as follows:

Derrick Justin Choate Has committed the offense of aggravated assault. A person commits aggravated assault who intentionally or knowingly commits an assault as defined in 39-13-101 (a) (1). And uses or displays a deadly weapon or attempts or intends to cause bodily injury by strangulation. Affiant responded to 208 Old Qualls Road Algood, TN in reference to an assault. During the affiants investigation he determined that the defendant had struck Micheal Henry with a baseball bat on the left arm causing his arm to swell and a bleeding laceration placing him in fear of further bodily injury. Said offense occurred in Putnam County, Tennessee.

*C. Date 1-22-14 - 9:00am*

Affiants - Name Address, Telephone#
Matt Mcdaniel
Putnam County Sheriffs Dept
Telephone #: 931-528-8484

Affiant Signature:

Sworn to and subscribed before me this: 12/07/2013

James R. Lane          J.C. Name

_____ Judicial Commissioner

*COPY*

## STATE OF TENNESSEE ARREST WARRANT

| Prosecutor notified: | Date: | By Officer: |
|---|---|---|

### IN THE GENERAL SESSIONS COURT OF PUTNAM COUNTY
STATE OF TENNESSEE VS.

TO ANY LAWFUL OFFICER OF THE STATE:

Based upon the affidavit(s) of complaint made and sworn to before me by: Matt Mcdaniel, there is probable cause to believe that the offense(s) of 39-13-102 - Aggravated Assault (buccal Test Required) has been committed in PUTNAM County, Tennessee and charging DERRICK JUSTIN CHOATE thereof, you are therefore commanded in the name of the State of Tennessee forthwith to arrest and bring the said accused person before the Court of General Sessions of PUTNAM County, Tennessee, to answer the said charges.

12/07/2013

Judge - Judicial Commissioner

Reason: 7 - THE PERSON ARRESTED IS SO INTOXICATED THAT THE PERSON COULD BE A DANGER TO THE PERSONS OWN SELF OR TO OTHERS.

# VIOLATION WORKSHEET

1. **Defendant** Derrick Justin Choate

2. **Docket Number** *(Year-Sequence-Defendant No.)* 3:13-00222-01

3. **District/Office** Middle District of Tennessee-Nashville

4. **Original Sentence Date** 04 / 27 / 2012
                                   month   day   year

5. **Original District/Office** Middle District of Florida
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* 113A 8:11CR00323-2

7. List each violation and determine the applicable grade (see §7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | Shall not commit another federal, state, or local crime | A |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — A

9. **Criminal History Category** *(see §7B1.4(a))* — II

10. **Range of Imprisonment** *(see §7B1.4(a))* — 15-21 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☒ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

Defendant  Derrick Justin Choate

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   Restitution($) _____     Community Confinement _____

   Fine($) _____            Home Detention _____

   Other _____              Intermittent Confinement _____

13. **Supervised Release**

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: 1 to 3 years

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from _____
   imprisonment:

14. **Departure**

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days